IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
              Plaintiff, )
)
v. )    No. 05 C 1239
)
PETER ALTMAYER, )
)
             Defendant. )

## MEMORANDUM ORDER

Peter Altmayer ("Altmayer") has filed a motion to dismiss the Complaint brought against him by the United States in this action, in which this Court has previously granted the motion of Elie and Sylvia Bitton for themselves and as next friends of their children Albert and Elizabeth (collectively "Bittons") to intervene. Because this action has previously been scheduled for a May 12 status hearing, and because the issue raised by Altmayer's motion is susceptible to swift disposition, this memorandum order is issued both to deny that motion and to require Altmayer to answer the Complaint and Bittons' Complaint in Intervention, so that further proceedings to carry the case forward can be discussed during the scheduled status hearing.

After reciting the well-established principles applicable to any Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss, Altmayer's counsel goes on to focus on the decision in <u>Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n</u>, 388 F.3d 327 (7th Cir. 2004) as assertedly dooming both the Complaint and the

Complaint in Intervention. But as Halprin, id. at 330 makes plain, although our Court of Appeals there raised a question as to the validity of 24 C.F.R. §100.400(c)(2)(the "Regulation"), it went on to identify Gonzalez v. Lee County Hous. Auth., 161 F.3d 1290, 1304-05 & n.43 (11th Cir. 1998) as the only prior appellate decision that had addressed that issue (Gonzalez held the Regulation was valid) and then went on to construe and apply the Regulation in these terms (388 F.3d at 330):

> Of course, to repeat an earlier point, we do not want, and we do not think Congress wanted, to convert every quarrel among neighbors in which a racial or religious slur is hurled into a federal case. But what is alleged in this case (as in the factually similar case of Ohana v. 180 Prospect Place Realty Corp., 996 F.Supp. 238, 239 (E.D. N.Y.1998)) is a pattern of harassment, invidiously motivated, and, because backed by the homeowners' association to which the plaintiffs belong, a matter of the neighbors' ganging up on them. We are far from a simple quarrel between two neighbors or the isolated act of harassment committed by the landlord in DiCenso v. Cisneros, supra, 96 F.3d at 1006.

True enough, the ultimate ruling in Halprin was reached because the defendants there had not challenged the validity of the Regulation as Altmayer has here. But this Court will not torpedo this action at this time, both because of the existence of the Gonzalez decision and because 42 U.S.C. §3617 ("Section 3617") by its terms renders it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of...any right granted or protected by" other specified sections of Title 42. Halprin, 388 F.3d at 330 correctly states

2

that the Regulation speaks of "enjoyment of a dwelling" rather than "enjoyment of any right" granted or protected by one of those sections, but Gonzalez, 161 F.3d at 1304 n.43 nonetheless found the Regulation "patently valid" under Chevron principles. Under the circumstances prudence (and jurisprudence) appear to call for preservation of this action so that our Court of Appeals can ultimately address the matter on a fully-fleshed-out record, rather than solely in paper terms.

What the Complaint and Complaint in Intervention (the allegations of which this Court must accept as gospel for Rule 12(b)(6) purposes) reveal is an extended pattern of harassment on Altmayer's part (really an understatement) that fits the above-quoted language from Halprin like a glove. If during the pendency of this action our Court of Appeals were to convert its possible reservations regarding the Regulation[1] into a holding of invalidity in another case, this Court would of course revisit the matter. But unless and until that takes place, this Court will apply the Regulation as written, so that Altmayer's motion is denied.

Accordingly Altmayer is ordered to answer both the Complaint and the Complaint in Intervention on or before May 19, 2005 (with

---

[1] It says (388 F.3d at 330) that "[t]he regulation may stray too far from section 3617 (which remember is tied, so far as it bears on the issues in this case, to Section 3604) to be valid."

3

copies of course to be delivered contemporaneously to counsel for the United States and counsel for Bittons). As stated at the outset, all further required proceedings in this action will be discussed at the May 12 status hearing.

                                          */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: May 9, 2005