IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
                                )
        v.                      )    No.  05 C 1239
                                )
PETER ALTMAYER,                 )
                                )
                    Defendant.  )

## MEMORANDUM ORDER

This Court's May 9, 2005 memorandum order ("Order") analyzed
the just-filed motion to dismiss by counsel for Peter Altmayer
("Altmayer"), including particularly the opinion from our Court
of Appeals on which counsel had staked his bet, and denied the
motion to dismiss for the reasons stated in the Order.  Nothing
daunted, Altmayer's counsel has served notice on May 18 of the
presentment today of his Motion To Reconsider Defendant
Altmayer's Motion To Dismiss Complaint.  For the reasons stated
here, Altmayer's motion is denied.

It should be said at the outset that moving counsel's
disagreement with this Court's ruling (a disagreement to which
counsel is of course entitled) is not a sufficient predicate for
a motion to reconsider.  As this Court put it in response to a
like-minded litigant in Quaker Alloy Casting Co. v. Gulfco
Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)(adapted to
this case, with footnote omitted):

        Despite what [Altmayer] appears to think, this Court's
        opinions are not intended as mere first drafts, subject

> to revision and reconsideration at a litigant's
> pleasure. Motions such as this reflect a fundamental
> misunderstanding of the limited appropriateness of
> motions for reconsideration.

That level of "limited appropriateness" was felicitously defined

by the late Honorable Dortch Warriner in Above the Belt, Inc. v.

Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983):

> The motion to reconsider would be appropriate where,
> for example, the Court has patently misunderstood a
> party, or has made a decision outside the adversarial
> issues presented to the Court by the parties, or has
> made an error not of reasoning but of apprehension. A
> further basis for a motion to reconsider would be a
> controlling or significant change in the law or facts
> since the submission of the issue to the Court. Such
> problems rarely arise and the motion to reconsider
> should be equally rare.

In this instance this Court has not misapprehended

Altmayer's arguments at all--instead it has correctly understood

them but has respectfully disagreed with them. One thing should

be added in light of the current motion's attempted reliance on

earlier caselaw from our Court of Appeals: None of those cases

dealt with the validity of 24 C.F.R. §100.400(c)(2), which

controls the viability or nonviability of this action (indeed,

none of those cases could have done so, for the lawsuits involved

in all of them antedated the January 23, 1989 adoption of that

regulation--see 54 Fed. Reg. 3283, 3291).

But as to Altmayer's renewed effort to emphasize the dictum

in the Halprin case discussed in the Order, some elaboration of

the matter may perhaps be useful. There are of course sound

2

principles underpinning the distinctions between dicta (judicial
statements that do not form the predicate for a court's decision)
and holdings (judicial statements that do). When dicta are
tested in the crucible of later litigation in which they will
indeed be outcome-determinative, they sometimes do and sometimes
do not emerge as actual holdings--and of course they are
sometimes altered or rejected altogether because the light cast
by the facts involved in the later litigation may have exposed
flaws in the earlier statements voiced in theoretical terms.

        If the Regulation were patently invalid (as directly opposed
to the Eleventh Circuit's statement in Gonzalez v. Lee County
Hous. Auth., 161 F.3d 1290, 1304 n.43 (11th Cir. 1998) "that it
is patently valid"), our Court of Appeals' decision to allow the
Halprin plaintiffs' claim to survive on the ground of the
opponents' forfeiture of any attack on the Regulation might seem
somewhat problematic. But speculation on that score is
unnecessary at this threshold stage of the present lawsuit. As
between the alternatives of (1) dismissing this action on the
basis of a dictum (which by definition does not bind the court
that uttered it), thus forcing plaintiffs to appeal on a purely
paper record, and (2) permitting the parties to develop a full
record to see whether plaintiffs can prove that Altmayer in fact
engaged in the appalling conduct recited in the Complaint, so
that the Regulation could be tested in that light, the latter

course appears clearly preferable.  And as Order at 3 indicated,
the latter course has the added advantage of permitting this
Court to take account of any intervening legal developments and,
if need be, to revisit the issue.

In sum, Altmayer's motion for reconsideration is denied.  As
stated in the Order, this Court remains open to reconsideration
in the future if further legal developments were to call for it
to revisit the matter.

Milton I. Shadur
Senior United States District Judge

Date:  May 18, 2005

4