IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   No.  05 C 1239
                                  )
PETER ALTMAYER,                   )
                                  )
            Defendant.            )

MEMORANDUM OPINION AND ORDER

Peter Altmayer ("Altmayer"), having twice failed to cut off in its inception this action charging him with vicious anti-Semitic activity,[1] has now filed his Answers to the original Complaint brought by the United States (for convenience, reference to that Answer will take the form "U.S. Ans. ¶--") and to the Complaint in Intervention filed by the alleged targets of the claimed activity, members of the Bitton family (again for convenience, reference to that Answer will take the form "B. Ans. ¶--"). Unfortunately the number of departures from proper federal pleading procedures committed by Altmayer's counsel requires a total repleading.

As this Court has written in earlier cases posing similar problems, any defense lawyer who must file a responsive pleading after the original filing of a complaint in this District Court,

---

[1] This should not be misunderstood as either finding or implying the accuracy of those charges. Altmayer denies them vigorously, and any such factfinding obviously remains for the future.

or after the removal of a state court case, has by then learned the identity of the judge to whom the case has been randomly assigned. Accordingly all responsible defense counsel should surely make it their business to become acquainted with the pleading expectations of that judge. Although this Court is well aware that it may be more insistent on compliance with fundamental principles of federal pleading than a number of its colleagues, in every instance that insistence demands nothing more than conformity to the requirements already prescribed by the Federal Rules of Civil Procedure ("Rules") and the implementing caselaw.

To begin with in this case, a number of Altmayer's responses fail to conform to the clear terms of the disclaimer required by the second sentence of Rule 8(b)--see U.S. Ans. ¶¶3 and 9 and B. Ans. ¶¶4-7, 9, 21 and 27. In that regard, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Nor is that a merely technical deficiency, for it seems likely that counsel's careful and conscientious use of the more demanding Rule 8(b) disclaimer, conducted in compliance with the objective good faith requirement of Rule 11(b), will find that disclaimer unavailable as to some of the two Complaints' allegations, thus fulfilling a basic pleading goal of narrowing the factual (or legal) issues that are truly contested.

Next Altmayer simply refuses to respond to U.S. Complaint

2

¶¶5 and 7. But defendants have no such license--it directly flouts the mandate contained in the first sentence of Rule 8(b). In this instance that omission appears particularly egregious, for its is difficult to see how Altmayer can in good conscience do anything other than to admit those allegations.

Relatedly, it certainly seems problematic that Altmayer can in good faith deny (either subjectively or objectively, or both) <u>all</u> of the allegations that are included in the blanket denials that make up the bulk of his responsive pleading (just to pick out a few, without any attempt to be exhaustive, look at B. Complaint ¶¶17 and 18). When Altmayer's counsel returns to the drawing board as he must, he is expected to consider each denial carefully and individually before advancing it.

One final problem with the Answers concerns a matter of substance rather than pleading. In each of his Answers' ¶2 Altmayer denies the existence of federal jurisdiction. But Altmayer's counsel has to recognize that he is simply wrong in that respect, for the very case on which he relied in his motion to dismiss and his motion to reconsider this Court's denial of such dismissal--<u>Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n</u>, 388 F.3d 327 (7th Cir. 2004)--expressly negates any such contention. If the difficulty identified in <u>Halprin</u> as to applying 42 U.S.C. §3617 ("Section 3617") to conduct such as that ascribed to Altmayer really posed a

3

jurisdictional problem, it could not of course be waived by the defendant, as the Court of Appeals held had taken place in that case. And of course the Court of Appeals' very act of (1) overturning the District Court's dismissal of plaintiff's Section 3617 claim and (2) remanding the case to the District Court for further proceedings on that claim directly belies any notion that subject matter jurisdiction is lacking.

Because the errors that have been identified here so pervade both Answers, they are stricken in their entirety to avoid patchwork pleading, which would result if this Court were simply to require amendments to the original Answers. Leave is of course granted to Altmayer to file self-contained Amended Answers in this Court's chambers on or before June 10, 2005 (with copies of course being contemporaneously transmitted to opposing counsel).

                                                */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: May 23, 2005